IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY CHARLES LOUFER,

    **Plaintiff,**

    v.                                     CASE NO. 18-3144-SAC

**BILL CARR, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Gregory Charles Loufer is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 6.) On August 29, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 9). The Court finds that Plaintiff's Amended Complaint fails to state a claim for relief and grants Plaintiff until July 22, 2019, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth herein.

In the Court's MOSC, the Court found that: Plaintiff fails to allege personal participation by any of the defendants in any purported constitutional violations; Plaintiff's First Amendment claim of denial of the right to freely practice his religion is subject to dismissal for failure to allege adequate facts in support; and Plaintiff has failed to allege an actual injury and he must first allege

1

facts in his complaint suggesting an actual injury, "an essential requirement of a denial of access claim." *Harrison*, 24 F. App'x at 967 (citing *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996)). The court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In addition, Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

## II. Discussion

Although Plaintiff's Amended Complaint adds facts to support his First Amendment claim, he fails to cure the remaining deficiencies set forth in the MOSC. To the extent Plaintiff added factual support regarding his religious diet at the Ford County Detention Center in Dodge City, Kansas ("FCDC"), those claims are now moot. Plaintiff seeks injunctive relief regarding those claims, and he is no longer housed at the FCDC.

Plaintiff was transferred to the El Dorado Correctional Facility in El Dorado, Kansas. (Doc. 10.) Because Plaintiff's request relates solely to alleged wrongdoing on the part of FCDC employees, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live

and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at FCDC, his claims for injunctive relief are moot and subject to dismissal.

Plaintiff also attempts to add a claim regarding the grievance procedure at FCDC. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held

several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the failure to respond to grievances are subject to dismissal for failure to state a claim.

**III. Response Required**

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein and in the Court's previous MOSC at Doc. 8.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **July 22, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein and in the Court's previous MOSC at Doc. 8.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 2nd day of July, 2019.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge