**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**GREGORY CHARLES LOUFER,**

      **Plaintiff,**

      **v.**                             **CASE NO. 18-3144-SAC**

**BILL CARR, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 6.) On August 29, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 9). On July 2, 2019, the Court entered another Memorandum and Order and Order to Show Cause ("MOSC 2"), finding that Plaintiff's Amended Complaint fails to state a claim for relief and granting Plaintiff until July 22, 2019, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC 2.

In the Court's MOSC, the Court found that: Plaintiff fails to allege personal participation by any of the defendants in any purported constitutional violations; Plaintiff's First Amendment claim of denial of the right to freely practice his religion is subject to dismissal for failure to allege adequate facts in support; and Plaintiff has failed to allege an actual injury and he must first allege facts in his complaint suggesting an actual injury, "an essential requirement of a denial of access claim." *Harrison*, 24 F. App'x at 967 (citing *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996)). The court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C.

§ 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In addition, Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

In the MOSC 2, the Court found that although Plaintiff's Amended Complaint adds facts to support his First Amendment claim, he fails to cure the remaining deficiencies set forth in the MOSC. The Court found that to the extent Plaintiff added factual support regarding his religious diet at the Ford County Detention Center in Dodge City, Kansas ("FCDC"), those claims are now moot. Plaintiff seeks injunctive relief regarding those claims, and he is no longer housed at the FCDC.

Plaintiff has failed to respond to the Court's MOSC 2 by the deadline. The Court finds that this case should be dismissed for failure to state a claim as set forth in the MOSC and MOSC 2.

**IT IS THEREFORE ORDERED** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of July, 2019.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**